UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELANGELO JOHNSON,

    Petitioner,

v.                                                Civil Action Number: 5:11-cv-14910
                                                Honorable John Corbett O'Meara

LLOYD RAPELJE,

    Respondent.
_____/

**<u>OPINION AND ORDER
GRANTING RESPONDENT'S MOTION FOR SUMMARY
JUDGMENT, DISMISSING PETITION FOR A WRIT OF HABEAS
CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY</u>**

**I.  INTRODUCTION**

      This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254.  Michigan prisoner Delangelo Johnson ("Petitioner") is currently incarcerated by the Michigan Department of Corrections at the Thumb Correctional Facility in Lapeer, Michigan, where he is serving a life sentence for a second-degree-murder conviction and one to five years for a felon-in-possession conviction.  Those sentences are to be served consecutively to Michigan's mandatory two-year-prison term for Petitioner's felony-firearm conviction.  Petitioner's convictions occurred following a jury trial in the Circuit Court in Wayne County, Michigan on May 2, 2003.  He was sentenced on May 30, 2003, as a third-offense habitual offender.  He was on escape status at the time that he committed the crimes.

      Petitioner filed this habeas petition on November 7, 2011, raising claims concerning his right to an impartial jury, improper identification, improper admission of evidence, the effectiveness of trial and appellate counsel, the jury instructions, and the failure to produce a witness.  On November

28, 2011, Petitioner wrote a letter to the Court, requesting an opportunity to amend his petition. *See* ECF No. 4. Petitioner retained counsel and, on December 19, 2011, counsel filed an appearance. *See* ECF No. 5. The Court granted Petitioner's request to amend and, on February 21, 2012, Petitioner filed an amended habeas petition. *See* ECF Nos. 7, 8.

In lieu of filing an answer to Petitioner's habeas petition, on June 14, 2012, Respondent filed a motion for summary judgment on the ground that the petition was not timely filed. *See* ECF No. 10. Petitioner filed a response to Respondent's motion on June 27, 2012. *See* ECF No. 12. In his response, he asserts that Respondent's motion should be denied because he is entitled to equitable tolling on the basis that he has demonstrated a claim of actual innocence.

For the reasons stated below, the Court will grant Respondent's motion and dismiss the petition as time-barred. The Court also will decline to issue Petitioner a certificate of appealability.

## II. BACKGROUND

Petitioner's troubles in this case arise because of a shooting incident that occurred on September 15, 2002, in Detroit, Michigan, which resulted in the death of Ayanna May. May was struck once in the forehead and died from the single gunshot wound.

Following his convictions and sentences, Petitioner filed a direct appeal with the Michigan Court of Appeals, raising claims concerning improper jury instructions and the failure to produce a witness. The Court of Appeals affirmed his convictions and sentences. *People v. Johnson*, No. 249497, 2004 WL 2726065 (Mich. Ct. App. Nov. 30, 2004). Petitioner then filed an application for leave to appeal that decision with the Michigan Supreme Court, which was denied on July 26, 2005. *People v. Johnson*, 473 Mich. 884, 699 N.W.2d 701 (2005) (Table).

Approximately five months later, on December 20, 2005, Petitioner filed a motion for relief from judgment with the state trial court. The trial court dismissed the motion without prejudice and appellate counsel was appointed. *People v. Johnson*, No. 03-1298-01 (Wayne Cnty. Cir. Ct. Feb. 16, 2006). On March 21, 2006, the trial court cancelled its order regarding Petitioner's motion for relief from judgment. *See* Wayne Cnty. Register of Actions, ECF No. 11-1.

Subsequently, Petitioner filed several motions with the trial court; for the production of certain documents, for substituting counsel, and for not requiring a hearing. The motions were filed on April 25, 2007, September 6, 2007, and October 23, 2007, respectively. On June 23, 2008, Petitioner filed a second motion for relief from judgment with the same trial court. The motion was denied on April 13, 2009. *People v. Johnson*, No. 03-1298-01 (Wayne Cnty. Cir. Ct. Apr. 13, 2009). His motion for reconsideration was denied on June 10, 2009. *People v. Johnson*, No. 03-1298-01 (Wayne Cnty. Cir. Ct. June 10, 2009).

Following, Petitioner filed a delayed application for leave to appeal the trial court's decision with the Michigan Court of Appeals. The Court of Appeals denied the delayed application "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Johnson*, No. 297890 (Mich. Ct. App. Oct. 25, 2010). On April 25, 2011, the Michigan Supreme Court denied Petitioner's application for leave to appeal for the same reason. *People v. Johnson*, 489 Mich. 896, 796 N.W.2d 70 (2011) (Table).

As stated, Petitioner filed the pending habeas petition on November 7, 2011. His amended petition was filed on February 21, 2012.

3

### III.  DISCUSSION

#### A.  Legal Standards

Respondent argues in his motion for summary judgment that Petitioner's habeas petition should be barred from federal-habeas review by the one-year statute of limitations.

A motion for summary judgment should be granted if the movant shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving party has the initial burden of informing the Court of the basis for its motion, and identifying where to look in the record for relevant facts "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). "The summary judgment rule applies to habeas proceedings ." *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003) (quoting *Harris v. Stegall*, 157 F. Supp. 2d 743, 746 (E.D. Mich. 2001) (citation omitted)). In the statute of limitations context, dismissal is appropriate only if a moving party clearly shows the claim is out of time. *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007), *cert. denied*, 553 U.S. 1014 (2008).

The Court will proceed to address the statute-of-limitations issue using the following standard of review.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA") applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions. 28 U.S.C. § 2244(d)(1). Petitioner's

habeas petition was filed after April 24, 1996, and thus, the provisions of the AEDPA, including the limitations period for filing a habeas petition, apply. *Lindh v. Murphy*, 521 U.S. 320, 337 (1997).

Title 28 of the United States Code, sections 2244(d)(1)(A) through (D) state in pertinent part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("the federal judgment becomes final 'when this Court affirms conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing a certiorari petition expires'"); *see also Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000) ("A criminal defendant has only ninety days following the entry of judgment by the 'state court of last resort' in which to file a petition for a writ of certiorari") (citing Sup. Ct. R. 13).

Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when

it is filed with the Clerk of this Court within 90 days after entry of judgment." Sup. Ct. R. 13. However, the statute of limitations may be tolled statutorily by a properly filed motion for post-conviction relief, or equitably by the Court, under limited circumstances. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Under section 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending tolls any period of limitation contained in the statute. A post-conviction motion is "properly filed" under the statute if it meets the applicable state rules governing filing. *Artuz*, 531 U.S. at 8 (citations omitted). Tolling is effective only when collateral review is properly sought within the limitations period. *Id.* The limitations period also is tolled during the time period between the state appellate court's decision and the state supreme court's decision concerning the petition. 28 U.S.C. § 2244(d)(2); *Wall v. Kholi*, --- U.S. ---, ---, 131 S.Ct. 1278, 1283 (2011) (the one-year limitation period is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim") (quoting 28 U.S.C. § 2244(d)(2)); *see also Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (same); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003) (same). A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not start a new limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). And once the limitations period is expired, collateral petitions can no longer serve to avoid the limitations period. 28 U.S.C. §2244(d)(2); *see also Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007) (same).

Additionally, the statute of limitations is not tolled during the pendency of a certiorari

petition in the United States Supreme Court seeking review of the denial of state post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007).

A habeas petition filed outside the time period prescribed must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000), *overruled on other grounds by Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (dismissing a habeas case filed thirteen days after the limitations period expired as untimely); *Neal v. Bock*, 137 F. Supp. 2d 879, 885 (E.D. Mich. 2001) (dismissing as untimely a habeas petition filed over one month after the limitations period had expired).

### B. Petitioner's Habeas Petition Is Untimely

The Court concludes that Petitioner's habeas petition is untimely. Here, the date in which Petitioner's judgment became final, by the conclusion of his direct review or the expiration of the time for seeking such review under section 2244(d)(1)(A), constituted the latest date from which the period of limitations ran. That date was October 24, 2005, which is ninety days after the Michigan Supreme Court denied his application for leave to appeal; the application was denied on July 26, 2005. The limitations period then began to run the next day, October 25, 2005, and Petitioner had one year from that date, until October 25, 2006, in which to file his habeas petition. He did not.

Rather, Petitioner filed a motion for relief from judgment in the state trial court on December 20, 2005. At that time, fifty-seven days of the limitations period had run. Thus, Petitioner's first motion for relief from judgment tolled the limitations period from December 20, 2005, to February 16, 2006, when the trial court dismissed the motion without prejudice. Petitioner then had 308 days remaining in the limitations period, or until December 22, 2006, in which to file his habeas petition or instead to properly file another motion for relief from judgment with the state trial court, which again would toll the limitations period. He did not file his next motion for relief from judgment until

June 23, 2008, well after the limitations period had expired.

The filing of Petitioner's second motion for relief from judgment did not affect the untimeliness of his habeas petition under subsection (A). Under § 2244(d)(2), a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations, but it cannot revive the statute of limitations period (i.e., restart the clock) after the limitations period has already expired. *See Vroman*, 346 F.3d at 602. Therefore, Petitioner's habeas petition is untimely under subsection (A).

Accordingly, the Court concludes that Petitioner's habeas petition was filed outside the limitations period unless he can establish that equitable tolling applies.

### C. No Equitable Tolling

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, ---, U.S. ---, ---, 130 S.Ct. 2549, 2560 (2010). The Supreme Court held that a habeas petitioner is entitled to equitable tolling "only if he [or she] shows '(1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011) ("With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit); *Patterson v. Lafler*, 455 F. App'x 606, 609 n.1 (6th Cir. 2012) (same); *Ross v. McKee*, 465 F. App'x 469, 474 (6th Cir. 2012) (same). "The petitioner has the burden of demonstrating that he [or she] is entitled to equitable tolling." *Allen v. Yukins*, 366 F.3d

396, 401 (6th Cir. 2004) (quoting *McClendon*, 329 F.3d at 494) (quoting *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002) (citations omitted)).

"Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

Petitioner has not presented grounds for entitlement to equitable tolling or another limitations period in this case. In his reply to the motion to dismiss, Petitioner contends that the limitations period should be equitably tolled because (1) the trial court cancelled his post-conviction motion and accepted his other motions with respect to discovery, counsel, and a hearing; and (2) he is actually innocent of the crimes.

Petitioner is not entitled to equitable tolling under the *Holland* factors. His motions with respect to discovery, counsel, and a hearing do not toll the limitations period. Petitioner did not file his second motion for relief from judgment with the state trial court until June 23, 2008, at which time the limitations period had expired. Petitioner has not shown that he has been pursuing his rights diligently or that some extraordinary circumstances stood in his way and prevented the timely filing of his habeas petition.

Next, the Court must decide whether equitable tolling should apply to Petitioner's case on the ground of actual innocence. The applicability of equitable tolling on the ground of actual innocence has yet to be decided by the Supreme Court but is recognized by the Sixth Circuit. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005).

As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (same). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Petitioner makes no such showing. He argues that his affidavit and that of Karl Maydwell, which were presented to the state courts, provide newly presented evidence that the identification of him as the perpetrator was questionable. The Court finds that those affidavits are not new reliable evidence but rather, they are self-serving. Therefore, the Court concludes that Petitioner is not entitled to equitable tolling on the basis of *Souter*.

The Court concludes that Petitioner is not entitled to equitable tolling under either *Holland* or *Souter*. Having failed to establish entitlement to either statutory or equitable tolling, Petitioner's habeas petition is dismissed as untimely.

### D. No Certificate of Appealability

The Court declines to issue a certificate of appealability (COA) to Petitioner. In order to obtain a COA, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). "The district court must issue or deny a [COA] when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a COA should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The Court declines to issue Petitioner a COA, because reasonable jurists would not find it debatable whether the Court was correct in determining that Petitioner had filed his habeas petition outside of the one-year limitations period. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).

Accordingly, a COA is not warranted; any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV. CONCLUSION

The Court concludes that Petitioner failed to file his habeas petition within the applicable statute of limitations period. Accordingly, the Court grants Respondent's motion for summary judgment (ECF No. 10) and denies with prejudice Petitioner's request for habeas relief (ECF No. 1). Finally, the Court declines to issue Petitioner a COA.

SO ORDERED.

    s/John Corbett O'Meara
JOHN CORBETT O'MEARA
UNITED STATES DISTRICT JUDGE

Dated: July 9, 2012

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 9, 2012, using the ECF system and/or ordinary mail.

s/Amanda Chubb for William Barkholz
Case Manager