UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELANGELO JOHNSON,

    Petitioner,

v.                                                  Civil Action Number: 5:11-cv-14910
                                                   Honorable John Corbett O'Meara

LLOYD RAPELJE,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

This 28 U.S.C. § 2254 matter is before the Court because Michigan prisoner Delangelo Johnson (Petitioner) filed a "Motion for Reconsideration" [ECF No. 15] of the Court's Opinion and Order granting Respondent Lloyd Rapelje's Motion for Summary Judgment on the basis that his Habeas Petition was filed untimely. *Johnson v. Rapelje*, No. 5:11-cv-14910, 2012 WL 2711467 (E.D. Mich. July 9, 2012). Petitioner filed this Motion, through counsel, on July 16, 2012. For the reasons that follow, the Court denies the Motion.

As an initial matter, a motion for rehearing or reconsideration must be filed within fourteen days after entry of the Court's Judgment or Order. *See* E.D.Mich. LR 7.1(h)(1). The Court issued its Opinion and Order on July 9, 2012. Petitioner filed this Motion on July 16, 2012, seven days after the Court's decision. Petitioner's Motion was filed in a timely manner.

Second, the Local Rule also outlines the elements that a petitioner must satisfy in order for the Court to grant reconsideration. The Local Rule states that Petitioner must show "a palpable defect by which the court and the parties and other persons entitled to be heard have been misled" or "that correcting the defect will result in a different disposition of the case." E.D.Mich. LR 7.1(h)(3). Additionally, a motion for reconsideration which presents issues already ruled upon by

the Court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

Petitioner is attempting to argue that the Court erred in its decision, finding that his Motion for Relief from Judgment did not toll the statute of limitations period. The Court finds that Petitioner fails to satisfy his burden under Local Rule 7.1(h)(3).

Petitioner's convictions became final on October 24, 2005, ninety days after the Michigan Supreme Court denied his Application for Leave to Appeal. The statute of limitations began to run the next day, and Petitioner had one year from that date, or until October 25, 2006, in which to file his Habeas Petition. He did not.

Rather, Petitioner filed a Motion for Relief from Judgment with the state trial court on December 20, 2005. It was dismissed without prejudice on February 16, 2006. The statute of limitations period was tolled during that period. Petitioner then had 308 days remaining in the limitations period, or until December 22, 2006, in which to file his Habeas Petition or instead to properly file another Motion for Relief from Judgment, which again would toll the limitations period. Petitioner filed his next Motion for Relief from Judgment on June 23, 2008, well after the limitations period had expired. He now argues that because his December 20 motion was dismissed without prejudice, his subsequent Motion for Relief from Judgment, filed more than two years later, on June 23, 2008 and dismissed on April 13, 2009, should be treated as an amendment to his December 20, 2005 Motion.

Petitioner is mistaken. There is nothing in record indicating that the first Motion was stayed.

It was dismissed without prejudice, thus allowing Petitioner an opportunity to obtain counsel to represent him. However, counsel did not file the Motion until over two years later. That Motion does not toll the limitations period because the period had expired.

With that, the Court concludes that Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result, as required by Local Rule 7.1(h)(3).

Accordingly, the Court **DENIES** Petitioner's "Motion for Reconsideration." ECF No. 15. This case is closed.

**SO ORDERED**.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date:  August 3, 2012

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 3, 2012, using the ECF system and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager