UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELANGELO JOHNSON,

    Petitioner,

                                                              Civil Action No. 5:11-cv-14910

v.                                                     Honorable John Corbett O'Meara

LLOYD RAPELJE,

    Respondent.

_____/

## ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY AS MOOT

This 28 U.S.C. § 2254 matter is before the Court because, on August 14, 2012, Petitioner Delangelo Johnson filed a "Motion for Certificate of Appealability" [ECF No. 18], concerning this Court's July 9, 2012 opinion and order denying his petition for a writ of habeas corpus. *See Johnson v. Rapelje*, No. 5:11-cv-14910, 2012 WL 2711467 (E.D. Mich. July 9, 2012). On August 3, 2012, the Court also denied Petitioner's motion for reconsideration. *Johnson v. Rapelje*, No. 5;11-cv-14910, 2012 WL 3155989 (E.D. Mich. Aug. 3, 2012).

Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of

appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal is warranted. *Id.*

As discussed in this Court's July 9, 2012 opinion and order, Petitioner is not entitled to habeas relief on the claims presented; Petitioner's petition was filed untimely and the doctrine of equitable tolling is inapplicable to his case. Consequently, the Court's decision relative to Petitioner's claims is not debatable amongst reasonable jurists. Moreover, the Court addressed this issue in its opinion and order and declined to issue Petitioner a certificate of appealability. *Johnson*, 2012 WL 2711467, at *6.

Accordingly, the Court DENIES Petitioner's "Motion for Certificate of Appealability" [ECF No. 18] as moot.

IT IS SO ORDERED.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date:  August 24, 2012

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 24, 2012, using the ECF system and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager